IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 09-cv-03003-RPM

REALITY TECHNOLOGY, INC.,

    Plaintiff,

v.

COUNTERTRADE PRODUCTS, INC.,
MARLENE CALABRIA, and
JOSEPH CALABRIA, Jr.,

    Defendants.

and

COUNTERTRADE PRODUCTS, INC.,

    Third-Party Plaintiff,

v.

IVAN DRINKS, SR., and
IVAN DRINKS, JR.,

    Third-Party Defendants.

_____

ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION
_____

    This civil action was initiated by a complaint, filed December 29, 2009, alleging jurisdiction pursuant to 28 U.S.C. § 1331, based on allegations of violations of federal law applicable to the parties and under the administration of the U.S. Small Business Administration, a named defendant. Countertrade Products, Inc., filed a motion to dismiss on January 29, 2010, as to the first three claims for relief against them and also filed counterclaims and third-party complaint against third-party defendants Ivan Drinks, Sr., and Ivan Drinks, Jr. Those defendants also filed an answer on February 12, 2010. The United States Small Business Administration filed a motion to dismiss on March 30, 2010, under Fed.R.Civ.P.

12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim for relief against it. Essentially, the SBA asserted sovereign immunity.

On May 17, 2010, the plaintiff filed a notice of dismissal of defendant U. S. Small Business Administration pursuant to Rule 41(a)(I)(a) as a voluntary dismissal without prejudice. Because subject matter jurisdiction of this civil action depends upon the claims against the Small Business Administration, this Court entered an order to show cause on May 27, 2010, directing the parties to show cause why this civil action should not be dismissed without prejudice for lack of subject matter jurisdiction in that the other claims in the case were brought under state law with supplemental jurisdiction asserted under 28 U.S.C. § 1367. The plaintff and third-party defendants responded on June 7, 2010, agreeing to dismissal without prejudice for lack of subject matter jurisdiction. The Countertrade Products, Inc., and Calabria defendants and third-party plaintiffs filed their response on June 7, 2010, taking no position with respect to subject matter jurisdiction but asking that if the Court dismisses for lack of jurisidction they be permitted to submit a motion for costs and fees pursuant to 28 U.S.C. § 1919 and Fed.R.Civ.P. 11.

Upon full review of the pleadings, it is apparent that this Court does not have subject matter jurisdiction of the issues raised by the pleadings filed by Reality Technology, Inc., Countertrade Products, Inc., Marlene Calabria, Joseph Calabria, Jr., Ivan Drinks, Sr., and Ivan Drinks, Jr. It also appears to this Court that there are disputes which should be adjudicated in an appropriate forum and that this civil action should be dismissed without addressing the question of whether sanctions should be imposed under Rule 11 and whether costs should be recovered under § 1919. That would entail further pleadings which would require the Court to make some assessments of the merits of the claims between the parties. Accordingly, it is now

ORDERED that this civil action is dismissed for lack of subject matter jurisdiction and without prejudice to the claims raised by all parties other than the Small Business Administration. The request for retention of jurisdiction for possible award of fees and costs is denied.

DATED: June 16th, 2010

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge